LEVY DAVIS & MAHER, LLP
Jonathan A. Bernstein (JB 4053)
Attorneys for Plaintiffs
880 Third Avenue
New York, New York 10022
(212) 371-0033

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| VICENTE GARCIA, Individually and On Behalf of All Others Similarly Situated, | : : : | 06 Civ. 0847 (BSJ) (HBP) |
| Plaintiff, | : : | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| - against - | : : | |
| MORRIS OKUN, INC. d/b/a TOMATO HOUSE OF NEW YORK, | : : : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff Vicente Garcia (hereinafter "Garcia"), individually and on behalf of all others similarly situated, by his attorneys, Levy Davis & Maher, LLP, complains of defendant, Morris Okun Inc. d/b/a Tomato House of New York (hereinafter "Okun"), as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, on behalf of himself and other current and former employees of defendant who elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), complains pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and the New York Minimum Wage Act, Article 19 of the Labor Law of the State of New York, ("Labor Law" or "NYMWA"), that he is owed back wages from defendants for overtime work for which he did not receive any overtime premium pay.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and 28 U.S.C. § 1367(a), in that the state and federal claims arise from a common nucleus of operative fact such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

3. The venue of this action is proper because plaintiff performed labor and services at premises maintained by the defendant and/or its clients in the Southern District of New York, i.e., a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of New York.

## PARTIES

4. Okun is a domestic business corporation organized under the laws of the State of New York. Okun is a wholesaler of fresh produce. It has its principal place of business at the Terminal Market in the County of Bronx, City and State of New York.

5. Defendant was, at all relevant times, and is, in an industry affecting commerce within the meaning of 29 U.S.C. § 203(b).

6. Garcia is a natural person, currently residing in the County of Bronx, City and State of New York. For approximately 16 years, until the termination of his employment in October 2005, Garcia was employed by Okun as a porter.

7. Plaintiff brings this action on behalf of himself and all others similarly situated, pursuant to 29 U.S.C. § 216(b). Persons similarly situated are those who are and/or were employed by defendant at any time between February 2, 2003 and the present (the "Collective

Action Period") within the meaning of 29 U.S.C. § 203(e)(1).

## FACTUAL ALLEGATIONS

8. Garcia was engaged in commerce within the meaning of 29 U.S.C. § 203(b), in that plaintiff worked as a porter in defendant's wholesale tomato business. His work consisted primarily of unloading tractor-trailers or refrigerated trucks by forklift and transferring boxes of tomatoes to co-workers for cleaning and packing.

9. Defendant was, at all relevant times, in an industry affecting commerce within the meaning of 29 U.S.C. § 203(b).

10. Garcia regularly worked in excess of 40 hours in the workweek. However, he was not paid overtime premium pay for all work hours in excess of 40 hours in the workweek.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

11. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 10 of this Complaint.

12. Plaintiff and his similarly situated coworkers frequently worked over forty hours in a workweek.

13. Although plaintiff and his similarly situated coworkers worked, at all relevant times, over forty hours in a workweek, they were not paid overtime premium pay for all of the hours worked in excess of forty hours in a workweek.

14. Plaintiff and his similarly situated coworkers are entitled to one and one-half of their regular rates of pay for all hours worked in excess of forty hours in a workweek under the

Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

15. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 14 of this Complaint.

16. The failure of defendant to properly compensate plaintiff and his similarly situated coworkers for overtime work as required by the Fair Labor Standards Act was willful.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

17. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 16 of this Complaint.

18. Plaintiff has not been paid overtime premium pay for all compensable work hours under the New York Minimum Wage Act, as amended, N.Y. Labor Law §§ 650 et seq. and N.Y. Labor Law §§ 190 et seq.

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION

19. Plaintiff repeats and realleges each and every allegation made in paragraphs 1 through 18 of this Complaint.

20. The failure of defendants to properly compensate plaintiff for earned wages and overtime work as required by the New York Minimum Wage Act, as amended, N.Y. Labor Law §§ 650 et seq. and N.Y. Labor Law §§ 190 et seq. was willful.

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

1. Directing payment of back pay by defendant to plaintiff and such persons as may opt in to this action;

2. Directing defendant to pay liquidated damages under the FLSA to plaintiff and such persons as may opt in to this action;

3. Directing defendant to pay liquidated damages under the New York Labor Law;

4. Directing payment by defendant of pre-judgment interest;

5. Granting a permanent injunction enjoining Okun and its owners, officers, management personnel, employees, agents, attorneys, successors and assigns and those acting in concert therewith from any conduct violating the rights of the Plaintiff and such persons as may opt in to this action as secured by the FLSA and the New York Labor Law;

6. Awarding plaintiff the costs of this action together with reasonable attorneys' fees; and

7. Granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
February 1, 2006

Levy Davis & Maher, LLP

By:____/s/_____

Jonathan A. Bernstein (JB 4053)
Attorneys for Plaintiff
880 Third Avenue
New York, New York 10022
Tel:  (212) 371-0033